IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED

NOV - 6 2013

PATRICK KEANEY
Clerk, U.S. District Court
By_____
Deputy Clerk

| | |
|---|---|
| RODNEY EUGENE FARMER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIV 13-236-RAW-KEW |
| ) | |
| CHARLES PEARSON, Sheriff, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Petitioner, a prisoner who is incarcerated in the Muskogee County Jail in Muskogee, Oklahoma, has filed an amended petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Although the amended petition is unclear, it appears he is challenging his pending charges in Okmulgee County District Court Case No. CF-2012-364 for Possession of Controlled Dangerous Substance. He indicates he has filed no appeal or post-conviction action concerning this conviction. Instead, he is requesting post-conviction relief through his amended petition as follows:

> The way the officer parked his car at an angle so the arrest and the procedure it was done couldn't be seen. If he would have parked so it could have been seen was his fear. The cars [sic] audio is to back up my story in handwritten original. At one point he asked if I was something or other concerning registry. Truck had tinted windows. He can't use my clothes in the truck for an excuse.

(Docket No. 6 at 6).

The federal courts are required to avoid interference with pending state criminal prosecutions, "except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971). The *Younger*

doctrine is based "on notions of comity and federalism, which require federal courts to respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Younger*, 401 U.S. at 44-45)). Under the doctrine established in *Younger*, abstention is appropriate whenever there exists (1) ongoing state proceedings, (2) which implicate important state interests, (3) wherein the state courts afford an adequate forum to present the applicant's federal constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert. denied*, 523 U.S. 1005 (1998).

The federal judiciary must presume that state courts are capable of establishing and administering judicial processes that are wholly consistent with the United States Constitution, and also must presume that "state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Here, the court finds all three *Younger* conditions are met, so abstention is required for petitioner's claims concerning his arrest and prosecution in Okmulgee County District Court Case No. CF-2012-364.

According to The Oklahoma Supreme Court Network at www.oscn.net, petitioner was convicted of numerous sex offenses in Delaware County District Court Case No. CF-1997-059. In addition, the record shows petitioner has been convicted of Failure to Notify Address Change as a Sex Offender in Muskogee County District Court Case No. CF-2012-1065, and that conviction is on appeal to the Oklahoma Court of Criminal Appeals. Petitioner asserts his due process rights were violated in order to get him listed on the Oklahoma Sex Offender Registry (Docket No. 6 at 12). If petitioner wants the court to address Delaware County Case No. CF-1997-059 or Muskogee County Case No. CF-2012-1065, he must file separate

habeas corpus petitions with completed motions for leave to proceed *in forma pauperis*. The proper forms are available from the Court Clerk's office.

Finally, petitioner complains his character has been defamed by internet postings showing he is a sex offender. (Docket No. 6 at 10, 13-15). He names the "Just Busted" paper in particular, and claims he should be entitled to "100's of millions" in damages from the violation of his civil rights. In addition, he asks for civil rights forms for "2004 & 2005 tuberculosis." (Docket No. 6 at 15). These claims cannot be considered in a federal habeas corpus action.

**ACCORDINGLY,** petitioner's amended habeas corpus petition (Docket No. 6) is DISMISSED WITHOUT PREJUDICE. The Court Clerk is directed to send petitioner the form and instructions for filing a civil rights complaint pursuant to 42 U.S.C. § 1983, along with the form and instructions for proceeding *in forma pauperis*.

**IT IS SO ORDERED** this 6th day of November 2013.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

3